UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. REDICK, III,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF TUOLUMNE, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00453-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S (1) MOTION TO STRIKE AND (2) MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>(ECF Nos. 15, 16)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

**I.　　INTRODUCTION**

　　Plaintiff Stanley E. Redick, III proceeds *pro se* and *in forma pauperis* in this civil action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 14). Plaintiff's complaint, filed on March 21, 2025, generally challenges Defendants' alleged misconduct regarding his state court proceedings. (ECF No. 1).

　　On May 6, 2025, the Court issued a screening order, concluding that Plaintiff failed to state any cognizable claims and giving him leave to file an amended complaint or stand on his complaint. (ECF No. 17). Among other things, the screening order discussed the *Younger* abstention doctrine, which requires a federal court to abstain from exercising jurisdiction, in certain applicable circumstances, when asked to enjoin ongoing state court proceedings. *See*

*Younger v. Harris*, 401 U.S. 37, 43 (1971); *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019). The Court concluded that Plaintiff's complaint improperly sought to enjoin state court proceedings involving at least one of the Defendants, Judge Kevin M. Seibert, a Tuolumne Superior Court judge.

Now before the Court are two motions filed by Plaintiff on May 5, 2025: (1) a motion to strike a response from Defendants filed in state court; and (2) a motion for default judgment. (ECF Nos. 15, 16). Because these motions confirm that Plaintiff is trying to enjoin ongoing state court proceedings in violation of the *Younger* abstention doctrine, and are otherwise procedurally improper, the Court will recommend that they be denied.

## II.     DISCUSSION

Plaintiff provides the following background for his motion to strike:

> Plaintiff properly filed a Motion for Order to Show Cause and Request for Judicial Review in the California Superior Court, Tuolumne County. Defendant remains in procedural default at the trial court level and has not properly moved to set aside the default pursuant to CCP §§ 473(b), 585(c). Instead of curing the default or seeking proper relief, Defendant submitted an unauthorized "opposition" improperly addressed from this Court, without notice of removal under 28 U.S.C. § 1446. No federal removal notice has been filed or served; therefore, jurisdiction remains firmly with the trial court in California. Defendant's "opposition" contains baseless arguments, personal attacks, and no legitimate challenge to Plaintiff's legal claims or motions. This conduct is designed solely to obstruct, delay, and deprive Plaintiff of the full use of the judicial system.

(ECF No. 15, pp. 2-3).[1] Citing Federal Rule of Civil Procedure 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Plaintiff asks the Court, among other things, to strike the opposition and "order Defendants to cease and desist from improper filings without satisfying jurisdictional requirements." (ECF No. 15, p. 4).

Regarding his motion for default judgment under Federal Rule of Civil Procedure 55, Plaintiff states in relevant part as follows:

> Plaintiff, Stanley E. Redick Ill, hereby respectfully moves the Court pursuant to Federal Rules of Civil Procedure 55(b), 12(a)(1), and Local Rules of the Eastern District of California, for entry of default judgment against Defendants County of Tuolumne, Judge Kevin M. Siebert, Laura Craig, Sgt. Chad Hermann, and the

---

[1] For readability, the Court has made minor alterations to some of Plaintiff's quotations, like altering capitalization and formatting changes, without indicating each change.

> Tuolumne County Sheriff's Department,[2] on the grounds that: Defendants were served properly under Rule 4(e) and California Code of Civil Procedure; Defendants failed to timely plead or otherwise defend in this matter; Defense counsel for Tuolumne County (Sarah Carrillo) was properly served in person and has not filed a notice of appearance in this new district court action; Prior defense counsel (Spinelli, Donald, Longyear & Lavra LLC.) have attempted to withdraw post-transfer, asserting no continued representation, further evidencing Defendants' failure to appear; The Clerk's default will be requested concurrently; Plaintiff respectfully seeks a final judgment for $151.6 million in compensatory and punitive damages as pled in the original complaint, based on egregious constitutional violations, malicious prosecution, suppression of exculpatory evidence, and deprivation of liberty, property, and due process across multiple judicial proceedings; Sanctions are proper under the Court's inherent authority and Rule 11(b).

(ECF No. 16, pp. 1-2). Attached to the motion to strike and motion for default judgment are various documents related to Plaintiff's state court litigation.

The Court will recommend that Plaintiff's motions be denied for two reasons. First, is the *Younger* abstention doctrine.

> *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Plaintiff's motions only serve to bolster the conclusion from the Court's recent screening order that *Younger* abstention applies here. (ECF No. 17, pp. 5-7). Briefly summarized, (1) there are ongoing state court proceedings, with Plaintiff specifically identifying an action pending in the Tuolumne County Superior Court; (2) these proceedings implicate important state interests, including whether Judge Seibert should be disqualified from presiding over any case that Plaintiff is involved in; (3) Plaintiff can raise his issues in his state court litigation or on appeal, and he claims to have done so before; and (4) Plaintiff seeks to enjoin proceedings in the trial court, including staying proceedings there. Lastly, there are no extraordinary circumstances indicating that Plaintiff will face irreparable injury unless this Court intervenes. While Plaintiff has asserted

---

[2] Sgt. Chad Hermann, and the Tuolumne County Sheriff's Department are not Defendants in this case.

1  a variety of misconduct in his state court litigation, including Judge Seibert allegedly being biased
2  against him, he provides no developed allegations to support such claims.
3      Second, Plaintiff's motions are procedurally improper. Regarding the motion to strike
4  Defendants' opposition, Plaintiff has attached a copy of the opposition to his motion. (ECF No.
5  15, p. 6). As Plaintiff himself acknowledges, this opposition was filed in state court, not this
6  Court. Thus, even assuming Rule 12(f), or some other applicable law regarding striking filings
7  applied, there is no opposition before the Court to strike. Importantly, Plaintiff filed this case in
8  this Court, it was not removed, and Defendants have not yet been served, nor will they be served
9  unless the Court finds cognizable claims that may proceed.
10     Regarding the motion for default judgment, under Federal Rule of Civil Procedure
11 55(b)(2), a plaintiff may apply to the court for a default judgment when a defendant has failed to
12 plead or otherwise defend. "Before assessing the merits of a default judgment," a court must
13 address certain preliminary issues. *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL
14 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-
15 03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). A preliminary issue here is
16 Plaintiff's failure to serve Defendants and obtain a clerk's entry of default under Federal Rule of
17 Civil Procedure 55(a), which provides as follows: "When a party against whom a judgment for
18 affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by
19 affidavit or otherwise, the clerk must enter the party's default." Importantly, Rule 55 provides a
20 two-step process, first, a party must obtain a clerk's entry of default under Rule 55(a); second, the
21 party must obtain a default judgment under Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471
22 (9th Cir. 1986).
23     As noted above, the Court has yet to find any cognizable claims and will not permit
24 service on Defendants until it has. Thus, Plaintiff has not even served Defendants in this case, let
25 alone shown that they have failed to properly plead or defend this case as required above. *See*
26 *Tracy v. CEO, Successor Deutsche Nat. Tr. Co.*, No. 3:11-CV-0436-LRH-VPC, 2011 WL
27 6400311, at *1 (D. Nev. Dec. 20, 2011) ("Tracy's motion is without merit. In order to obtain a
28 default judgment, a party must first obtain a clerk's entry of default which can only be obtained
   by establishing, through an affidavit, that a defendant has failed to plead or otherwise defend

itself in the action. Here, no clerk's entry of default has been obtained by Tracy against defendant Miles. Thus, there is no basis for the court to enter a default judgment against her.") (internal citations omitted).

### III.    CONCLUSION AND RECOMMENDATIONS

Based on the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiff's motion to strike (ECF No. 15) be denied.
2. Plaintiff's motion for default judgment (ECF No. 16) be denied.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. Further, any objections shall be limited to no more than fifteen (15) pages, including exhibits. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 9, 2025**                         /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

5