UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY E. REDICK, III,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF TUOLUMNE, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00453-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Stanley E. Redick, III proceeds *pro se* and *in forma pauperis* in this civil action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 14). Plaintiff's complaint, filed on March 21, 2025, generally challenges Defendants' alleged misconduct regarding his state court proceedings. (ECF No. 1).

The Court screened the complaint on May 6, 2025, and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 17). The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies identified in the screening order. (*Id.* at 12). Alternatively, the Court gave Plaintiff the option of standing on his complaint, subject to the Court issuing findings and recommendations to a district judge consistent with the screening order. (*Id.*).

On May 14, 2025, Plaintiff filed a notice, stating that he wished to stand on his complaint. (ECF No. 19). Accordingly, for the reasons set forth below, the Court recommends that this case be dismissed without prejudice. Plaintiff has thirty days from the date of service of these findings and recommendations to file any objections.

1

I. **SCREENING REQUIREMENT**

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 14). This statute requires dismissal of frivolous claims, those that fail to state a cognizable claim, and those seeking monetary relief from immune defendants. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

II. **SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff lists the following Defendants and allegations against them: (1) County of Tuolumne, which is "[r]esponsible for judicial and prosecutorial oversight, perpetuating unconstitutional practices"; (2) Judge Kevin M. Seibert, a Tuolumne Superior Court judge, who is "actively involved in rulings despite being a named defendant, demonstrating bias and engaging in misconduct"; (3) Laura Craig, who is "[c]urrently a judge, formerly involved as a prosecutor in the malicious prosecution of Plaintiff"; and (4) unnamed "Defense Counsel," who is "willfully and knowingly aiding and abiding criminal activity to include gross misconduct violations in the litigation process." (ECF No. 1, p. 2).[1] Plaintiff states that, during discovery, he will identify other

---

[1] For readability, minor alterations—like correcting misspellings, altering formatting, and changing

2

"unknown Defendants" that perpetuated misconduct and procedural violations, which the Court understands to mean that Plaintiff sues an unidentified number of Doe Defendants.

> As for supporting facts, Plaintiff states as follows:
>
> Judge Kevin M. Seibert has persistently maintained judicial control over Plaintiff's case despite being a named defendant, creating an insurmountable conflict of interest and denying Plaintiff's right to an impartial adjudicator.
>
> Despite being disqualified, Judge Seibert continued to issue rulings, including judgments and orders, ignoring established disqualification procedures and violating fundamental due process rights.
>
> Plaintiff has faced systemic bias and misconduct since the initiation of his case, including: Refusal to address motions to compel, effectively stalling due process. Defense counsel's habitual non-appearance without consequence. Judicial reluctance to enforce procedural safeguards, reflecting entrenched misconduct.
>
> In 2018, Plaintiff was wrongfully accused of theft, resulting in an unlawful arrest and a three-day detention despite presenting exculpatory evidence. The arrest and prosecution were driven by Laura Craig, acting without proper investigation or evidence.
>
> The County of Tuolumne has continuously obstructed Plaintiff's efforts to seek redress through: Refusal to entertain valid motions, including those to compel and dismiss. Deliberate delay tactics to exhaust Plaintiff's resources and stamina. Failure to enforce accountability against those engaging in procedural misconduct.
>
> The systemic corruption and abuse of power within the County are so pervasive that Plaintiff has been systematically deprived of a fair and impartial forum.

(ECF No. 1, pp. 3-4).

Plaintiff lists three causes of action: (1) violation of his due process rights because, "Defendants, acting under color of state law, systematically deprived Plaintiff of his constitutional right to due process by ignoring motions, failing to enforce judicial recusal, and disregarding exculpatory evidence"; (2) "judicial misconduct and abuse of discretion," because "Judge Seibert's continued involvement as a defendant and decision-maker directly contravenes fundamental judicial ethics and due process requirements" and (3) malicious prosecution because "Defendants, including Laura Craig, pursued charges against Plaintiff with malice, despite clear and convincing evidence demonstrating Plaintiff's innocence." (*Id.* at 4).

Plaintiff seeks compensatory and punitive damages, "[a] declaration that the actions of the Defendants violated Plaintiff's constitutional rights, and an injunction "requiring structural reform

---

capitalization—have been made to some of Plaintiff's quotations without indicating each change.

to ensure impartial judicial proceedings within Tuolumne County" and "preventing County of Tuolumne from further prosecutorial or judicial misconduct and obstruction of justice." (*Id.*).

Additionally, Plaintiff has filed a purported declaration in support of his requests for relief. (ECF No. 2).[2] Plaintiff provides the following background in his filing:

> On December 13, 2018, I was wrongfully arrested for the alleged theft at Lowe's. This arrest was made based on erroneous identification and without consideration of exculpatory evidence that would have proven my innocence.
>
> The charges were ultimately dismissed on November 2, 2020, after a protracted legal battle, including my filing of a writ of mandate to ensure that the proceedings were properly handled.

(ECF No. 2, p. 2).

### III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Rule 8(a)

As an initial matter, Plaintiff's complaint fails to comply with Rule 8(a), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Plaintiff's complaint is not a short and plain statement of his claims. While the Court understands that Plaintiff disagrees with the handling of his state court litigation, he provides little other information. Instead of asserting facts, Plaintiff's complaint includes conclusory statements, such as "defense counsel willfully and knowingly aid[ed] and abid[ed] criminal activity to include gross misconduct violations in the litigation process," Defendant Craig "pursued charges against

---

[2] The Court notes that the declaration does not comply with 28 U.S.C. § 1746, which provides that a declaration executed within the United States must contain a statement in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." Here, Plaintiff's filing does not contain a statement made under penalty of perjury or attesting to the truth of the contents.

4

[him] with malice," and "[t]he systemic corruption and abuse of power within the County are so pervasive that Plaintiff has been systematically deprived of a fair and impartial forum." (ECF No. 1, pp. 2, 3-4). Further, as to the Doe Defendants, Plaintiff provides no allegations at all.

Accordingly, the Court concludes that Plaintiff's complaint is subject to dismissal because it fails to provide a short and plain statement of the claim in violation of Federal Rule of Civil Procedure 8.

### B. *Younger* Abstention Doctrine

Plaintiff's complaint is also subject to dismissal because it seeks to have this Court intervene in his state court litigation, in violation of the *Younger* abstention doctrine.

The *Younger* abstention doctrine is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, citation, and internal quotation marks omitted).

> *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (holding that, when abstaining under *Younger*, "a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief") (citation and internal quotation marks omitted); *see also Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (noting in *Younger* abstention context that "federal courts should also refrain from exercising jurisdiction in actions for declaratory relief because declaratory relief has the same practical impact as injunctive relief on a pending state proceeding as a result of the preclusive effect of the federal court judgment"). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings

5

are completed." *Gilbertson*, 381 F.3d at 968. Lastly, "Federal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (citation and internal quotation marks omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

Plaintiff's complaint is subject to dismissal under these legal standards. Although Plaintiff's complaint provides very little information about the underlying state cases, it is clear that there are ongoing state court civil proceedings being conducted in state court by Judge Seibert. For example, Plaintiff's complaint states that there is "ongoing misconduct and judicial bias," with Judge Seibert "persistently maintain[ing] judicial control over Plaintiff's case despite being a named defendant." (ECF No. 1, p. 3). The complaint also states that "Judge Seibert's continued involvement as a defendant and decision-maker directly contravenes fundamental judicial ethics and due process requirements." (*Id.* at 4). And in his purported declaration, Plaintiff asks that Judge Seibert be disqualified "from further adjudicating this case." (ECF No. 2, p. 2). Thus, Plaintiff's complaint concerns an ongoing state judicial proceeding.[3]

Plaintiff's complaint also implicates important state interests. While Plaintiff provides few details about the nature of the civil proceedings, he repeatedly states that California "disqualification procedures" are at issue. (*See, e.g.*, ECF No. 1, p. 3). Such allegations implicate the state court's ability to perform its judicial functions, which involve important state interests. *See Aaron v. O'Connor*, 914 F.3d 1010, 1017 (6th Cir. 2019) ("We conclude that the ability of the courts of the State of Ohio to determine when recusal of a judge or justice is appropriate and to administer the recusal decision process in accordance with state law operates uniquely in furtherance of the state courts' ability to perform their judicial functions.") (internal quotation marks and citation omitted); *Hart v. Falls*, No. CV 22-7282-CJC(E), 2023 WL 12007128, at *4 (C.D. Cal. Jan. 18, 2023) ("Plaintiff's ongoing state court proceeding implicates important state interests, including certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions.") (internal quotation marks and citation omitted).

---

[3] Plaintiff has filed two documents recently (ECF No. 15, 16), which the Court has addressed in separate findings and recommendations (ECF No. 18), which confirm that he has ongoing state court proceedings. For example, one of these filings seeks to strike a recent response filed in his state court case. (ECF No. 15).

Plaintiff's state court proceedings also provide an adequate opportunity to raise constitutional challenges. Plaintiff can raise these issues in the state court proceedings, and in any appeal over those proceedings. *See Peterson v. Contra Costa Cnty. Superior Ct.*, No. C03-5534 MMC (PR), 2004 WL 443457, at *1 (N.D. Cal. Mar. 2, 2004) ("Plaintiff will be afforded an adequate opportunity to raise his constitutional claims in his criminal trial and on appeal in the California courts."). Notably, Plaintiff indicates that he filed at least one appeal, although the outcome is unknown, as he complains that Judge Seibert failed "to halt proceedings while an appellate review was pending." (ECF No. 2, p. 2).

Finally, Plaintiff's complaint seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. Plaintiff's complaint specifically requests "[a]n injunction preventing . . . further . . . judicial misconduct and obstruction of justice." (ECF No. 1, p. 4). And his purported declaration requests a "stay of all proceedings before the trial court, including any further hearings, motions, or rulings, pending resolution of the writ of mandate and other appellate reviews." (ECF No. 2, p. 3). Thus, Plaintiff's requested relief would have the practical effect of enjoining the state proceedings. *See Jennings v. Leach*, No. EDCV 21-00209 JVS (PVC), 2021 WL 12140262, at *2 (C.D. Cal. Mar. 9, 2021) ("Furthermore, a finding in favor of Plaintiff on his claims, including, but not limited to, his false arrest claim, would have the practical effect of enjoining the ongoing state judicial proceeding.) (internal quotation marks omitted).

Lastly, there are no extraordinary circumstances indicating that Plaintiff will face irreparable injury unless this Court intervenes. While Plaintiff asserts a variety of misconduct in his state court litigation, including Judge Seibert allegedly being biased against him, he provides no developed allegations to support such claims.

Plaintiff's complaint is thus subject to dismissal under the *Younger* abstention doctrine.

**C. Improper Defendants**

Plaintiff's complaint is also subject to dismissal to the extent it seeks to sue persons under the Civil Rights Act who are either not acting under color of state law or are subject to immunity.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

7

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

Based on these legal standards, Plaintiff's claims against "Defense Counsel" are subject to dismissal. As a general matter, neither a public defender nor a private attorney act under color of law when performing legal services. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Campbell v. Geragos*, No. 1:10-CV-02231-LJO-GBC (PC), 2010 WL 5244677, at *1 (E.D. Cal. Dec. 9, 2010), *report and recommendation adopted*, 2011 WL 300159 (E.D. Cal. Jan. 27, 2011) (concluding that allegations against private attorneys did not implicate color-of-law requirement).

However, there is a limited exception: "an otherwise private person acts under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984) (internal citation and quotation marks omitted). To state a conspiracy claim, a plaintiff must allege "(1) the existence of an express or implied agreement among the defendant . . . to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) ("To prove a conspiracy between the state and private parties under section 1983, [a plaintiff] must show an agreement or meeting of the minds' to violate constitutional

8

rights"; further, "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.") (internal citation and quotation marks omitted). "[C]onclusory allegations" are insufficient to support a conspiracy claim; rather, "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).

Plaintiff offers no specific facts here to show a conspiracy between "Defense Counsel" and any other Defendant in his state court litigation. *See Lacey*, 693 F.3d at 937 ("The conclusory conspiracy allegations in the original complaint do not define the scope of any conspiracy involving Thomas, what role he had, or when or how the conspiracy operated."). Accordingly, his allegations are insufficient to state any conspiracy claim, which likewise means that there is no basis to conclude that "Defense Counsel" is a state actor. *Brown v. Duran*, No. CIV S-11-0930 WBS, 2011 WL 4088697, at *2 (E.D. Cal. Sept. 13, 2011) ("Plaintiff's vague allegation that a state court judge he names 'either conspired with my public defender or conspired to cover up his actions....' (SAC, p. 6), however, simply does not make a colorable showing of the requisite conspiracy that would serve to transmute the defendants into state actors who may be sued under § 1983."). Thus, Plaintiff's claims against "Defense Counsel" are subject to dismissal.

Additionally, Plaintiff's claims against Judge Seibert and Prosecutor Craig are barred by judicial and prosecutorial immunity.

"It has long been established that judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (internal quotation marks and citation omitted). With exceptions noted below, judicial immunity applies in this § 1983 action regardless of whether monetary damages, declaratory relief, or injunctive relief is sought. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("A long line of this Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages."); *Boutros v. Tan*, No. 2:13-CV-1306-MCE-CMK, 2013 WL 12073446, at *4 (E.D. Cal. Sept. 6, 2013), *report and recommendation adopted*, No. 2:13-CV-1306-MCE-CMK, 2013 WL 12073223 (E.D. Cal. Oct. 9, 2013) ("This judicial immunity has been extended beyond liability for damages, to include injunctive relief and declaratory relief arising from their

judicial acts performed in their judicial capacity."); 42 U.S.C. § 1983 (noting that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

> Judicial immunity is overcome in only two circumstances:
>
> First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Forrester v. White*, 484 U.S., at 227–229, 108 S.Ct., at 544–545; *Stump v. Sparkman*, 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.*, at 356–357, 98 S.Ct., at 1104–1105; *Bradley v. Fisher*, 13 Wall., at 351.

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991

Moreover, "[p]rosecutorial immunity has developed along much the same lines as judicial immunity. Immunity extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). And "[w]here a prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case, absolute immunity applies." *Id.* (internal citations and quotation marks omitted).

Plaintiff's claims against Judge Seibert are thus subject to immunity. Plaintiff alleges that Judge Seibert has violated Plaintiff's civil rights by "acting as a Defendant ruling on his own case, to include violating procedural and Federal Laws against the Plaintiff egregiously outside the scope of his Judicial Immunity." (ECF No. 1, p. 3). In his purported declaration, Plaintiff also complains about Judge Seibert not halting proceedings while Plaintiff filed an appeal, stating that "the trial court [was] divested of jurisdiction over the case until the appellate court renders a ruling." (ECF No. 2, p. 2). However, "absolute judicial immunity protects judges' decisions to appoint or disqualify judges in particular cases." *Hart*, 2023 WL 12007128, at *3; *Shutt v. McVittie*, 225 F.3d 663, 2000 WL 735166 (9th Cir. 2000) (noting that, even if allegations of judicial bias and misconduct were true, they would "not deprive a judge of absolute immunity").

Further, to the extent that Plaintiff seeks injunctive relief against Judge Seibert, § 1983 permits injunctive relief against judicial officers only if "a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege that a declaratory decree was violated, and there is no indication that "declaratory relief"—which in this context means the

ability to appeal—was or is unavailable. *Weldon v. Kapetan*, No. 1:17-CV-01536-LJO-SKO, 2018 WL 2127060, at *4 (E.D. Cal. May 9, 2018) ("Because declaratory relief (*i.e.*, the ability to appeal) was available to Plaintiff, injunctive relief under § 1983 against Judge Kapetan for actions taken in his judicial capacity is not available . . . .").

Turning to Prosecutor Craig, Plaintiff states that his "arrest and prosecution were driven by Laura Craig, acting without proper investigation or evidence." (ECF No. 1, p. 3). Elsewhere, he accuses her of "malicious prosecution." (*Id.* at 2). However, even if true, Craig would still be entitled to immunity. *See Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (noting that prosecutorial "immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution"); *Ashelman*, 793 F.2d at 1078 ("We therefore hold that a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

The Court notes that "[p[rosecutorial immunity generally does not bar claims for declaratory and injunctive relief." *Middleton v. Santa Barbara Police Dep't*, No. CV 15-09818-SVW (AGR), 2016 WL 6902098, at *8 n.10 (C.D. Cal. July 11, 2016), *report and recommendation adopted*, 2016 WL 6902462 (C.D. Cal. Nov. 22, 2016). However, as Plaintiff acknowledges, his criminal charges were dismissed in 2020. (ECF No. 2, p. 2). "Since [Plaintiff's criminal proceedings are over, . . . the equitable relief sought is no longer available." *Ashelman*, 793 F.2d at 1075; *see Fenters v. Yosemite Chevron*, No. CV-F-05-1630 OWW/DLB, 2006 WL 2016536, at *10 (E.D. Cal. July 17, 2006) (dismissing claim for declaratory relief regarding constitutionality of prosecution where "Plaintiff ha[d] not alleged any pending prosecution"); *Fitzpatrick v. Gates*, No. CV0004191GAFAJWX, 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate.").

In short, Judge Seibert and Prosecutor Craig are immune from the relief that Plaintiff seeks in this case.

### IV.     CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and concludes that he fails to state any

11

cognizable claims.

The Court previously provided Plaintiff with the applicable legal standards, explained why Plaintiff's complaint failed to state any claims, and gave Plaintiff leave to file an amended complaint. However, Plaintiff chose to stand on his complaint. Accordingly, the Court finds that granting further leave to amend would be futile.

Accordingly, IT IS RECOMMENDED that:

1. This action be dismissed without prejudice; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 15, 2025**         /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE